JOSEPH W. HUNTER, defendant below, plaintiff in error, *vs.* MATTHEW ROACH, plaintiff below, defendant in error.

*Justice of the Peace—Forthwith Summons—Service—Judgment.*

1. Where an affidavit of plaintiff appears on the justice's record to the effect that there is danger of losing the benefit of his process by delay, the justice may issue summons returnable forthwith without a statement on the record that he is satisfied by plaintiff's oath that there is such danger.

2. The day after a summons returnable forthwith was issued is a reasonable time in which to serve and return it.

3. Where the summons is returnable forthwith, the justice may render judgment on the return of the writ, and need not wait until the close of the business day.

### (*April 12, 1898.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*John M. Richardson* for defendant below, plaintiff in error.

*C. W. Cullen* for plaintiff below, defendant in error.

Superior Court, Sussex County, February Term, 1898.

CERTIORARI directed to Frank C. Wiltbank, Esq., one of the Justices of the Peace in and for Sussex County.

The plaintiff filed the following exceptions, to wit:

1. For that it appears in and by said record that the said Justice issued a writ of summons returnable forthwith, but does not aver that before doing so he was satisfied by the oath of the plaintiff or otherwise that there was danger of losing the benefit of his process by delay.

2. For that it appears in and by said record that the said Justice issued a writ of summons returnable forthwith, which was served and returned the day after it bears date and not forthwith as directed in said writ of summons.

3. For that it appears in and by said record that the constable to whom said writ of summons was directed returnable forthwith did not serve the same nor return the same forthwith as therein directed.

4.   For that it appears in and by said record that the said Justice rendered a judgment by default against this exceptant before the usual time of closing business for the day, which is error, there being no certain hour fixed for the hearing of which the defendant had notice.

5.   For that it appears in and by said record that the said Justice issued an execution on a Judgment by default rendered against this exceptant the same day the said judgment was rendered, this exceptant having had no notice of the hour fixed for hearing the cause in which said judgment was rendered.

LORE, C. J :—As to the first exception, the affidavit of the plaintiff appearing upon the record to the effect that there was danger of losing the benefit of his process by delay, is sufficient without a statement upon the record that the Justice was satisfied by said oath that there was such danger.

The second and third exceptions are also insufficient.   It appears from the record that the summons was served on the day after it was delivered to the constable, which was a reasonable time, it not appearing that it could have been served sooner.   It has been held by this Court that two days is a reasonable time in which to serve and return a summons returnable forthwith.

As to the fourth exception, where a summons is returnable forthwith the Justice can render judgment upon the return of the writ and is not required to wait until the close of the business day.

Judgment below affirmed.